United States District Court
Southern District of Texas
**ENTERED**
September 28, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ALEJANDRO LARA CORREA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-01880 |
| | § | |
| UR M. JADDOU, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court is the United States' ("government") motion to dismiss the plaintiff's Alejandro Lara Correa's lawsuit that is brought pursuant to the Administrative Procedure Act ("APA") and the Mandarnius Act ("MA") – 5 U.S.C. §§ 701 and 555(b) *et. seq.* and 28 U.S.C. § 1331, respectively [DE 4]. The plaintiff has filed a response, to the government's motion [DE 5] and the matter is before the Court pursuant to Federal Rules of Procedure, Rules 12(b)(1) and 12(b)(6). The Court is of the opinion that the government's motion should be denied.

### I.

The plaintiff sues the government for relief charging that the United States Citizenship & Immigration Services ("USCIS") has unreasonably delayed action on his Form I-526 Immigration Petition. According to the government, in 1990, Congress amended the Immigration and Nationality Act ("INA") [Title 8 U.S.C. §§ 1101, *et. seq.*] to establish the "EB-5 Program". In doing so, Congress created a new class of immigrants that are permitted into the United States to invest in commercial enterprises in the United States, which enterprises create full-time jobs for American workers. *See* § 1153(b)(5).

The government asserts that in order to qualify for EB-5 immigration status an immigrant submits a petition to the USCIS is using form I-526.  If approved, the immigrant-investor and his/her family may apply for a two-year conditional status as lawful permanent residents of the United States.  *See* [§§ 1186b(a)(1) and 1201-02, 1255 *et. seq*.].   However, the INA places an annual limit on the number of immigrants who may receive lawful permanent resident status and approval that includes consideration of the immigrant's country of origin as established by the Agency.  *See* [§1152].  *See* [8 U.S.C. § 1151].  Therefore, in addition to receiving status approval, the limitation on approvals is based on the immigrant's native country.  One's native country plays a role in the approval processing.  Hence, the process of approval is based on a first-in-first out procedure that is also limited by the number of visas to be issued for the country of origin of the immigrant.

### III.

The plaintiff asserts that more than three-years has elapsed since his petition was filed on November 15, 2019, for the EB-5 petition and adjusted status.  He points out that his status, as reflected on the USCIS website reflect that no action has been taken on his petition since the filing.  He charges that the USCIS has engaged in a "pattern practice of ignoring EB-5, petitions to his detriment without explanation.  Moreover, the government's position, that there should be "no time limit attached to the adjudication of EB-5 petition, is untenable.  The Court agrees.

### IV.

Reforms in the program in 2020 and, most recently, in 2023, were enacted to remedy the type of delays claimed by the plaintiff.  In the Court's view, the goals, set by USCIS, of 180-days to complete adjudication of an EB-5 petition establishes a targeted time limit, which time limit has been long since passed.  Therefore, the Court concludes that the delay asserted by the plaintiff in

2 / 3

adjudicating his I-526, which delay is not disputed by the government, is *per se* unreasonable and, therefore, requires an appropriate response from the USCIS that bears on the "plausibility" or merits of the plaintiff's lawsuit.

Accepting the plaintiff's factual assertions as true, and looking to a record that supports the plaintiff's allegations, the Court determines that it has subject matter jurisdiction, the plaintiff has stated a plausible claim, and, therefore, that the government's Rules 12(b)(1) and 12(b)(6) motion to dismiss should be Denied. *See Bell At'l Corp. v. Twombly,* 550 U.S. 544 (2007); *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

It is so Ordered.

SIGNED on September 28, 2023, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge